## IN THE SUPREME COURT OF THE STATE OF NEVADA

TY THOMAS,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 71393



**FILED**

NOV 01 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; William A. Maddox, Senior Judge.

Appellant Ty Thomas argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Thomas' claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Thomas is serving an aggregate sentence pursuant to such a statute for a number of felony offenses committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.167 (1995)

---

[1]Having considered Thomas' pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37391

(providing sentencing range for victim-age enhancement based on sentence for primary offense); NRS 200.380(2) (setting forth sentencing range for robbery); NRS 193.330(1)(a)(2) (setting forth sentencing range for attempt to commit a category B felony). Consistent with *Williams*, the credits that Thomas has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. *See also* NRS 213.1212 (addressing parole eligibility where sentences have been aggregated). The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.       _____, J.
Parraguirre                        Stiglich

cc:    Chief Judge, The First Judicial District Court
       Hon. William A. Maddox, Senior Judge
       Ty Thomas
       Attorney General/Carson City
       Carson City Clerk

---

[2]As Thomas acknowledges in his appellate brief, he is not entitled to any relief on the sentences that he has already expired. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. It is unclear from the record before this court whether Thomas has appeared before the parole board on the aggregated sentence, such that he would not be entitled to any further relief as to the aggregated sentence. *Id.* The district court may consider any evidence in that respect on remand.